IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| MARY MARTHA JAMINET, | ) | |
| | ) | CASE NO. BK11-42158-TLS |
| Debtor(s). | ) | A12-4022-TLS |
| MARY MARTHA JAMINET, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF LINCOLN, NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

  This matter is before the court on the debtor-plaintiff's motion for summary judgment (Fil. No. 7). Dennis Fricks represents the debtor. No appearance was made for the defendant. No briefs were filed. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

  This adversary proceeding was filed to avoid a junior lien on the debtor's real property. There are two consensual liens on the debtor's home. The first is held by Citibank, N.A., solely as trustee for the holders of Bear Stearns Asset Backed Securities I Trust 2006-HE3, Asset-Backed Certificates, Series 2006-HE3. The amount of the claim is $81,212.18, and it is secured by a deed of trust recorded in 2005. The City of Lincoln holds the second lien, in the amount of $20,387.63, secured by a deed of trust recorded in 2010.

  The debtor values the property at $40,000, based on a realty company's "property profile and market analysis" prepared on July 28, 2011. The debtor has also submitted the Lancaster County Assessor's 2011 valuation of $68,700. Accordingly, the debtor asserts that, based on the lack of equity in the property, the second lien is wholly unsecured under 11 U.S.C. § 506(a) and is void under § 506(d).

  The following facts are uncontroverted:

  1. The plaintiff is the debtor in this Chapter 13 proceeding.

  2. The plaintiff is the owner of real property legally described as Lot Eight (8), Barnes Subdivision of Lot Eleven (11), H. Culbertson's Subdivision, Lincoln, Lancaster County, Nebraska, and more commonly known as 3035 Orchard Street, Lincoln, Nebraska 68503.

3. The above-described property has at all relevant times been the personal residence of the plaintiff herein.

4. Citibank, N.A., not individually but solely as trustee for the holders of Bear Stearns Asset Backed Securities I Trust 2006-HE3, Asset-Backed Certificates, Series 2006-HE3, holds the first deed of trust against the real property to secure a claim in the approximate amount of $81,212.18.

5. The City of Lincoln, Nebraska, holds the second deed of trust against the property to secure a claim in the approximate amount of $20,387.63.

6. Based upon the comparative market analysis prepared for the debtor by Wood Bros. Realty, Inc., on July 28, 2011, the suggested list price of the residence is $40,000.

7. Based upon the 2011 valuation by the Lancaster County Assessor, the taxable value of the personal residence in question is $68,700.

8. Upon information and belief, the second lien held by the City of Lincoln is wholly unsecured.

9. The plaintiff filed this adversary complaint on March 13, 2012.

10. The summons and complaint were served via certified mail on March 19, 2012, at the Lincoln City Attorney's office.

11. The time for filing an answer or other response expired on April 12, 2012.

12. No answer or other response has been filed or served by the defendant.

Under Nebraska law, service on any county, city, or village in the state is to be made upon the chief executive officer or clerk. Neb. Rev. Stat. § 25-510.02(2). *See also* Fed. R. Bankr. P. 7004 and Fed. R. Civ. P. 4(j)(2) (stating that service on a municipal corporation or state-created governmental organization must be made on the chief executive officer or in the manner prescribed by state law). However, service is permitted at the address the creditor has designated on its proof of claim. *See Nielsen v. Bank of Am. Corp.*, Adv. Pro. No. A11-8062-TLS (Bankr. D. Neb. Oct. 3, 2011), at 2 (stating that "at a minimum, a debtor should serve a creditor at the address it has identified as its preferred address for receiving notices."). Therefore, because the debtor served process and notice of this motion on the City at the address used on its proof of claim, service was satisfactory.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177 (B.A.P. 8th Cir. 2011).

The analysis was explained in *Fisette*:

[T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:

The message, to recapitulate, is this:

— Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;

— Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;

— Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"

— If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim" and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;

— If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

*Fisette*, 455 B.R. at 183-184 (quoting *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 669 (6th Cir. 2002)).

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

There are no material facts in dispute here. The debtor may strip off the wholly unsecured junior lien held by the City of Lincoln for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiff completes the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiff's residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiff successfully completes the Chapter 13 plan.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 7) is granted. Separate judgment will be entered.

DATED: June 6, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Dennis Fricks
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.